SO ORDERED: January 27, 2009.



Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HOWARD DOUGLAS MILLER | ) | CASE NO. 08-5179-AJM-7 |
| | ) | |
|    Debtor | ) | |
| | ) | |
| DEBORAH KAY GUSTIN | ) | |
| | ) | |
|    Plaintiff | ) | |
| | ) | Adversary Proceeding |
|                    vs. | ) | No. 08-50278 |
| | ) | |
| HOWARD DOUGLAS MILLER | ) | |
| | ) | |
|    Defendant | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
and DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Debtor / Defendant (the "Defendant') filed a chapter 7 case on May 2, 2008.

On May 15, 2008, Deborah Kay Gustin (the "Plaintiff") filed her complaint against the

Defendant, alleging that a certain debt arising out of an agreed entry concerning modification of child support was nondischargeable. On October 8, 2008, the Plaintiff moved for summary judgment alleging that the debt was nondischargeable and on October 14, 2008, the Defendant moved for summary judgment alleging that the debt was dischargeable.

Hearing on the summary judgment motions was scheduled for January 26, 2009 at 1:30 p.m, but the Court determined that hearing was not necessary.

### *Background*

The salient facts, which appear to be undisputed, are as follows. The Plaintiff and the Defendant were divorced. Due to significant changes in circumstances upon which the original divorce decree was based, the parties on June 12, 2002 entered into an agreed entry (the "Agreed Entry") wherein the Plaintiff would provide health and medical insurance for the couples' remaining minor child and that the Plaintiff and the Defendant would share equally the cost of the child's uninsured medical expenses (the "Medical Expenses"). That Agreed Entry was approved and made an order and judgment by Madison Superior Court Judge Jack L. Brinkman on June 12, 2002.

On or about August 7, 2007, the Plaintiff in the Madison Superior Court moved for contempt against the Defendant for his alleged failure to pay his share of the Medical Expenses as provided for in the Agreed Entry. On September 19, 2007 Master Commissioner David E. Alger issued his findings and recommendations, wherein he found that the Defendant owed the Plaintiff for "unpaid Medical bills" in the amount of $2520.97 (the "September 19th Order"). The Defendant was ordered to reimburse the Plaintiff within twelve months. On May 2, 2008, the Defendant filed his chapter 7 case,

and scheduled the Plaintiff as a general unsecured creditor in the amount of $2520.97 for "reimbursement of medical bills".  The Plaintiff's filing of her complaint and this adversary proceeding followed.

### *Discussion*

### *Pre-BAPCPA Law Regarding Debts Arising from a Divorce Decree*

The Defendant filed his bankruptcy in May, 2008 and therefore the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), effective October 17, 2005, apply.  Prior to BAPCPA, a debt from a divorce was nondischargeable under §523(a)(5) if it was in the nature of support or maintenance.  Cases overwhelmingly held that a child's medical expenses were in the nature of child support and thus nondischargeable under §523(a)(5). [1]

If the debt was not of a type provided for under §523(a)(5), it was still nondischargeable *unless* the debtor could show he did not have the ability to pay the debt or that discharging the debt resulted in a benefit to the debtor which outweighed any detrimental consequences to the ex spouse under the elaborate "balancing test" under §523(a)(15).

### *Changes Made by BAPCPA*

BAPCPA changed §523(a)(5) in that it now merely provides for nondischargeability of a "domestic support obligation".  "Domestic support obligation" in turn is defined in §101(14) as a debt owed to a spouse, former spouse or child of the

---

[1] See, *In re Barnard*, 349 B.R. 238 (Bankr. D. Idaho, 2006): *In re Christensen,* 2006 WL 4449693 (Bankr. W.D. Mo); *In re Lewis*, 2006 WL 2927748 (Bankr. D. Wyo.); and *In re Mills*, 2006 WL 3246376 (Bankr. D. Vt.).

3

debtor that is in the nature of alimony, maintenance or support "without regard to whether such debt is expressly so designated". The BAPCPA changes to §523(a)(15) go even further. The balancing test has been eliminated and now, all that is needed for a debt to be nondischargeable under that section is that the debt must not be of the kind set forth in §523(a)(5) and must be incurred by the debtor "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State....law". The collective effect of the BAPCPA amendments to §523(a)(5) and (a)(15) in chapter 7 cases is that it has eliminated the distinctions between "support and maintenance" and "property settlement" in that all debts, arising from a divorce decree from any court of record are nondischargeable. See, *In re Golio*, 393 B.R. 56, 61 (Bankr. E.D.N.Y. 2008) ("As a result of BAPCPA, a property settlement obligation incurred pursuant to a divorce is unqualifiedly also nondischargeable under Section 523(a)(15). In individual chapter 7 [cases], the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt..."). [2]

   Thus the Defendant's argument that neither the Agreed Entry nor the September 19th Order designates the Medical Expenses as "support" or "domestic support obligations" is unavailing. As has been discussed, whatever debts arising from a divorce that are made part of a judgement in favor of the Plaintiff and that do not fall

---

[2] Compare this to chapter 13 cases where the distinction between "domestic support obligation" and "property settlement" *does* still matter, as, a debt that is a domestic support obligation (but *not* one that is a property settlement) is entitled to priority status and full payment under the chapter 13 plan pursuant to §507(a) and §1322(a). See, *In re Poole,* 383 B.R. 308 (Bankr. D. S. C. 2007); *In re Johnson*, 397 B.R. 289 (Bankr. M.D.N.C. 2008).

4

under §523(a)(5) are nonetheless nondischargeable under §523(a)(15).

### *Order and Judgment*

The Court finds that there is no genuine issue of material fact that both the Agreed Entry and the September 19th Order are judgments in which the Medical Expenses are recoverable by the Defendant/ Debtor's former spouse. Thus, the Court finds that the Medical Expenses are a nondischargeable debt in this bankruptcy, if not under §523(a)(5), then under §523(a)(15).

The Plaintiff's motion for summary judgment is GRANTED and the Defendant's motion for summary judgment is DENIED. The Plaintiff is hereby awarded summary judgment and the Medical Expenses are a NONDISCHARGEABLE debt.

### # # #

Distribution:

Plaintiff
C. David Little, Attorney for the Defendant
Case Trustee
Nancy J. Gargula, United States Trustee